FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ NOV 19 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
BERYLE W. MANLEY,

                Plaintiff,

      -v-

MELVIN DOBY, President Board of Directors;
HILLTOP VILLAGE COOPERATIVE #ONE, Inc.;
SANDRA GUTIEREZ, Secretary;
JAY STROBLING, Management Executive;
LENORA MOODY, Realtor, Sales Agent; and
MARK L. HARKIN, Legal Counsel,

                Defendants.
-----------------------------------------------------------x

**MEMORANDUM & ORDER**

12-CV-4835 (SLT) (VVP)

**TOWNES, United States District Judge:**

Plaintiff Beryle W. Manley, a citizen of Georgia and the administrator of her sister's estate, filed this pro se action on September 21, 2012, alleging that Defendants have violated the Racketeer Influenced and Corrupt Organization Act ("RICO") and the Fair Debt Collection Practices Act ("FDCPA") with regard to the sale of her sister's cooperative apartment located in Queens, New York. For the reasons set forth below, the Court grants Plaintiff's request to proceed in forma pauperis solely for the purpose of this order pursuant to 28 U.S.C. § 1915, dismisses the complaint, but affords Plaintiff the opportunity to submit an amended complaint within thirty days of the date of this Order.

## I. BACKGROUND

The following summary of relevant facts is culled from the somewhat confusing complaint and its attachments, a total of one hundred forty-five pages, in an effort to present a coherent course of events.

This complaint concerns the cooperative apartment, Hilltop Village Cooperative #One, Incorporated ("Hilltop"), Unit 62-A in Queens, New York, in which Plaintiff's sister, Curtiselle Williamson, resided from 1993 until her death on February 24, 2009. Plaintiff thereafter became the administrator of the estate, although it is unclear whether she is a "voluntary administrator" (Compl. at 6) or a "Court-Appointed Administrator," (Compl. at 124, 142). On February 26, 2009, Plaintiff visited her sister's apartment pursuant to a state court order to search the residence for a will. None was found. At that time, Plaintiff informed Melvin Doby, president of the Cooperative's Board of Directors, and Sandra Gutierrez, Secretary of the Board of Directors that she wished to sell the apartment. According to its by-laws and occupancy agreement, Hilltop has a thirty-day right of first refusal to purchase the apartment at book value. The monthly maintenance on the apartment was $617.17 with some slight variations for parking, which terminated when the car was removed in June 2009, and some deductions that lapsed in June 2009.

The apartment was not sold by Plaintiff, who continued to be liable for the maintenance. Plaintiff alleges that she paid the maintenance through November 2009 and that Defendants' actions and "conspiracy" prevented her from selling the apartment. In 2010, Hilltop commenced proceedings for possession of the apartment for non-payment of maintenance. (Compl. Ex. B, Three Day Notice, dated April 24, 2010). Hilltop informed Plaintiff that if it won the action and Judgment of Possession was obtained, "the apartment would be sold at public auction. The proceeds from the sale will first go to the lien of the cooperative corporation for maintenance and other fees, and the balance (if any) to the estate." (Compl. Ex. B, letter from Mark Hankin, Esq., dated Dec. 22, 2009). Plaintiff was also informed that if she intended to sell the apartment back to Hilltop, such sale could not occur unless or until she provided the necessary documentation. (Id.).

On August 10, 2010, a Judgment of Possession was issued in favor of Hilltop against Plaintiff individually and as Administrator of the Estate of Curtiselle Williamson by the Civil Court of the City of New York, County of Queens. (Compl. Ex. B, "Notice to Owner of Sale of Personal Property to Satisfy Lien."). As of March 5, 2012, the lien amount for the delinquent maintenance and fees was $16,744.44 and the value of the apartment was estimated at $80,000.00. Plaintiff was given until April 16, 2012, to satisfy the lien and told that any additional charges accrued would be deducted from the apartment sale at auction, scheduled for April 30, 2012. (Id.). It is unclear from the complaint and its attachments whether the auction occurred or whether the apartment was sold and at what price.

Plaintiff brings this action against Doby, Gutierrez, Hilltop Managing Executive Jay Strobling, realtor Lenora Moody, and Hilltop attorney Mark Hankin. She alleges that the Court has federal question jurisdiction under RICO and FDCPA and diversity jurisdiction because she resides in Georgia.

## II. STANDARD OF REVIEW

In reviewing Plaintiff's filings, the Court is mindful that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although a complaint need not include "detailed factual allegations," it must do more than put forth "labels and conclusions." Id. at 555. A claim will be considered "plausible on its face . . . when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Under 28 U.S.C. § 1915(e)(2)(B), a district court shall

3

dismiss an in forma pauperis action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." See also 28 U.S.C. § 1915A.

Moreover, not every action has a home in federal court. It is well established that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see Natl. Comm. to Pres. Soc. Sec. & Medicare v. Philip Morris USA Inc., No. 09-2321-cv, 2010 WL 3933494, at *1 (2d Cir. Oct. 8, 2010) (summary order).

## III. DISCUSSION

While the Court is not unsympathetic to Plaintiff's alleged frustrations concerning disposal of her sister's property, this action may not proceed for several reasons. First, an administrator may not proceed pro se. Second, Plaintiff fails to state a federal claim. Third, there is no diversity jurisdiction because the legal representative of an estate is deemed to be a citizen of the same state as the decedent.

### A. Pro Se Litigant Capacity to Represent Estate

Generally, "an individual who is not licensed as an attorney 'may not appear on another person's behalf in the other's cause.'" Machadio v. Apfel, 276 F.3d 103, 106 (2d Cir. 2002) (quoting Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998)); see 28 U.S.C. § 1654 ("Parties may plead and conduct their own cases personally or by counsel."). In the estate context, however, the Second Circuit has held that "the administrator and sole beneficiary of an estate with no creditors may appear pro se on behalf of the estate" because this individual "is the only party affected by the disposition of the suit" and therefore is "in fact, appearing solely on his own behalf." Guest v. Hansen, 603 F.3d 15, 21 (2d Cir. 2010) (emphasis added). Conversely, "an

4

administrator of an estate may not proceed pro se when the estate has beneficiaries or creditors other than the litigant." Huertas v. City of New York, No. 05 Civ. 6236(DLC) (MHD), 2006 WL 3420828, at *1 (S.D.N.Y. Nov. 27, 2006) (citing Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997)).

In this case, Plaintiff has not alleged that she is the sole beneficiary of her sister's estate or that there are no creditors – indeed, the complaint suggests that there are creditors involved. Plaintiff therefore has not demonstrated that she may appear pro se in her capacity as the administrator. If she remains unable to do so, she must find counsel to represent her sister's estate or else face dismissal. See id. (directing pro se plaintiff administrator of estate to retain new counsel to avoid dismissal).

### B. Subject Matter Jurisdiction

Moreover, pursuant to Article III of the United States Constitution, "federal courts are courts of limited jurisdiction." Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont, 565 F.3d 56, 63 (2d Cir. 2009). In order for a federal court to exercise subject-matter jurisdiction, a plaintiff must either (1) put forth a claim "arising under the Constitution, laws or treaties of the United States," creating "federal question" jurisdiction under 28 U.S.C. § 1331; or (2) show that the action is between "citizens of different states" for an amount exceeding $75,000, creating "diversity jurisdiction" under 28 U.S.C. § 1332(a).

#### 1. Federal Question

##### a. RICO

RICO was enacted to "prevent organized crime from infiltrating America's legitimate business organizations." Moccio v. Cablevision Sys. Corp., 208 F. Supp. 2d 361, 371 (E.D.N.Y. 2002). The Act contains both criminal and civil provisions. See 18 U.S.C. § 1962, 1964. The civil enforcement provision of RICO provides that "[a]ny person injured in his [or her] business

5

or property by reason of a violation of section 1962 . . . may sue therefor in any appropriate United States district court and shall recover threefold the damages . . . and the cost of the suit, including a reasonable attorney's fee." 18 U.S.C. § 1964(c).

To demonstrate standing to bring a RICO claim, a plaintiff must at a minimum plead: "(1) the defendant's violation of § 1962, (2) an injury to the plaintiff's business or property, and (3) causation of the injury by the defendant's violation." Lerner v. Fleet Bank, N.A., 318 F.3d 113, 120 (2d Cir. 2003) (quoting Commercial Cleaning Servs., L.L.C. v. Colin Serv. Sys., Inc., 271 F.3d 374, 380 (2d Cir. 2001). A plaintiff satisfies the third requirement "if the defendant's injurious conduct is both the factual and the proximate cause of the injury alleged. Id. (quoting Holmes v. Sec. Investor Prot. Corp., 503 U.S. 258, 268 (1992). Moreover, a plaintiff must allege conduct of an enterprise through a pattern of racketeering activity, Sedima, S.P.R.L. v. Imrex, 473 U.S. 479 (1985), by showing at least two predicate acts and establishing that "the predicates are related, and that they amount to or pose a threat of continued criminal activity." H.J. Inc. v. Northwestern Bell Telephone, 492 U.S. 229, 109 (1989).

In this case, Plaintiff has failed to allege a threat that Defendants' allegedly criminal activity will continue. Indeed, as the complaint contends that Defendants' criminal activity took place over the course of a single residential eviction proceeding, it is difficult to imagine how Plaintiff could demonstrate the threat of continued criminal activity. Although pro se complaints are to be construed liberally, the Court cannot say that Plaintiff has adequately pled: (1) the existence of a RICO "enterprise"; (2) the specifics of "injury to [her] property"; (3) whether the unlawful conduct was in violation of 18 U.S.C. § 1962(b) or (c); or (4) the facts surrounding the predicate acts of the criminal statutes she lists on page twenty of her complaint. Plaintiff's RICO claim therefore fails.

### b. FDCPA

The FDCPA imposes civil liability on "debt collector[s]" for certain prohibited debt collection practices. 15 U.S.C. § 1692e. A "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The FDCPA excludes entities attempting to collect debts owed to them from the definition of debt collector, as long as the collector does not use a name that might lead a debtor to believe a third party had become involved in the collection effort. 16 U.S.C. § 1692a(6); see also Maguire v. Citicorp Retail Serv., Inc., 147 F.3d 232, 235 (2d Cir. 1998). Thus, the FDCPA by its own terms limits its reach to those collecting the dues "of another" and does not restrict the activities of creditors seeking to collect their own debts. See 15 U.S.C. § 1692a(6)(F); Maguire, 147 F.3d at 235. Hilltop, as creditor, and the individual defendants are not alleged to have undertaken collection under a different or false name. Accordingly, Hilltop is not a debt collector within the meaning of the FDCPA and Plaintiff's claim is dismissed under 28 U.S.C. §1915(e)(2)(B)(ii).

### c. Criminal Claims

To the extent Plaintiff seeks the prosecution of Defendants under the federal criminal statutes she has cited, her claims fail as a matter of law. "Criminal prosecutions are within the exclusive province of the public prosecutor who has complete discretion over the decision to initiate, continue or cease prosecution." DeJean v. Cnty. of Nassau, No. CV–06–6317 (SJF) (AKT), 2008 WL 111187, at *4 (E.D.N.Y Jan. 8, 2008). Accordingly, "[a] private citizen does not have a constitutional right to initiate or to compel the initiation of criminal proceedings against another individual. Id. (citing Leeke v. Timmerman, 454 U.S. 83, 102 (1981); see also

Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another.").

### 2. Diversity

Plaintiff alternatively states that the Court should exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Even if Plaintiff had asserted state law claims in her complaint, which is at best unclear, she has not established diversity jurisdiction. Although Defendants are New York residents and Plaintiff is a resident of Georgia, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent" for purposes of determining jurisdiction. 28 U.S.C. § 1332(c)(2). Accordingly, Plaintiff, who has brought this action as the legal representative of the estate, assumes the undisputed New York residence of her sister. See, e.g., Truck-A-Tune, Inc. v. Re, 23 F.3d 60, 62 (2d Cir. 1994) ("[F]or the purpose of . . . diversity jurisdiction the administrator of an estate has the same citizenship as the decedent."); Tarka v. Greenfield Stein & Senior, LLP, No. 00 Civ. 1262, 2000 WL 1121557, at *6 (S.D.N.Y. 2000) ("Although she is a Connecticut resident, plaintiff is deemed to be a citizen of New York while acting in her capacity as administratrix of the Estate of her late mother, who was a New York resident."). As all the parties in this case are New York residents, there is no diversity jurisdiction.

Nevertheless, in an abundance of caution, Plaintiff will have thirty days to amend her complaint to cure the deficiencies the Court has identified. See Fed R. Civ. P. 15(a); Davis v. Goord, 320 F.3d 346, 352 (2d Cir. 2003) ("Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the [pro se] complaint gives any indication that a valid claim might be stated.") (citations omitted). Additionally, Plaintiff is reminded to comply with the requirements of Federal Rule of Civil Procedure 8(a), which provides that a complaint must contain "a short and plain statement" of the grounds for the

court's jurisdiction, for why she is entitled to relief, and what relief she seeks. Fed R. Civ. P. (8)(a)(1)-(3).

## IV. CONCLUSION

For the reasons set forth above, the complaint is dismissed for lack of subject-matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(h)(3), for failure to state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii), and because Plaintiff may not proceed pro se as administrator of the estate. However, Plaintiff shall have thirty days from the date of this Order to file an amended complaint that remedies these deficiencies. Plaintiff is advised that the amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Order, as it will completely replace the original complaint. No summons shall issue at this time and all further proceedings are stayed for thirty days for Plaintiff to comply. If Plaintiff fails to do so, judgment will enter and the case will be closed. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/ SANDRA L. TOWNES
United States District Judge

Dated: November 16, 2012
Brooklyn, New York